

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

State Board of Barber Examiners
Austin, Texas

Dear Mr. Curlee:                    Attention:  Mr. J. L. Curlee,
                                                Secretary.

                                    Opinion No. O-4981
                                    Re:  Has the State Board of Bar-
                                         ber Examiners the legal
                                         right to grant any one the
                                         privilege of taking an ex-
                                         amination, who has never
                                         held a certificate of regis-
                                         tration in Texas?

          In your letter of November 20, 1942, you have re-
quested our opinion on the following question;

          "Has the State Board of Barber Examiners
     the legal right to grant any one the privilege
     of taking an examination who has never held a
     certificate of registration in Texas or any
     other state (even though he has practiced as
     a barber before the law went into effect) --
     in accordance with Sections No. 16 and No. 17
     of the Texas Barber law?"

          Sections No. 16 and No. 17, which you quote in
your letter are a part of what is now Article 734a of the
Penal Code, and is a part of the Act known as the Texas
Barber law. Said sections relate alone to the recognition
of existing practicing barbers, and the credit for time
previously spent by assistant barbers. In order for any
one to have obtained the benefit of these sections, it was
necessary for him to make application to the State Board
of Barber Examiners within sixty days after the passage of
said Act in 1933.

As we construe your question, however, neither
of said sections has any reference to the matter about
which you are inquiring. Under Sections Nos. 7 and 8 of
said Article 734a, the qualifications of an applicant
for a certificate to practice barbering, and the qualifi-
cations of an applicant for an assistant barber are given.
The State Barber Board is authorized, and is required, we
think, to permit any one to take an examination who has
the qualifications named in said sections.

Section 7 of said Act reads:

"Any person is qualified to receive a
certificate of registration to practice bar-
bering:

"(a)  Who is qualified under the provis-
ions of Section 8 of this Act.

"(b)  Who is at least eighteen (18) years
of age and who has practiced as an
assistant barber under authority of
a certificate issued by the Board
of Barber Examiners, as such, for
at least eighteen (18) months.

"(c)  Who is of good moral character and
temperate habits; and

"(d)  Who has passed a satisfactory exam-
ination conducted by the Board to
determine his fitness for practicing
barbering."

Section 8 of said Act reads:

"Any person is qualified to receive a
certificate of registration as a registered
assistant barber

"(a)  Who is at least sixteen and a half
years of age; and

"(b)  Who is of good moral character and
temperate habits; and

"(c)   Who has graduated from a school of
barbering approved by the Board; and

"(d)   Who has passed a satisfactory exam-
ination conducted by the Board to
determine his fitness to practice
as a registered assistant barber."

Sections Nos. 10, 11 and 12 of said Act provide
for the kind of an application which must be filed with
the Board for an examination, and the manner and method
of conducting the examination, and the conditions under
which certificates shall be granted by the Board.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   _Geo. W. Barcus_

Geo. W. Barcus
Assistant

GWB-MR

APPROVED DEC 2, 1942

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS